IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL WHITTLINGER,

        Petitioner,

    v.

MARK NOOTH, Superintendent,
Snake River Correctional Institution,

        Respondent.

Civil No. 2:13-cv-00764-BR

OPINION AND ORDER

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

BROWN, Judge.

    Petitioner, an inmate at the Snake River Correctional
Institution, brings this habeas corpus action pursuant to 28

1 - OPINION AND ORDER -

U.S.C. § 2254.  For the reasons that follow, the Court DENIES the Amended Petition for Writ of Habeas Corpus (#16).

## BACKGROUND

On June 29, 1989, Petitioner was convicted of murder pursuant to a plea deal and was sentenced to life imprisonment, with a ten-year minimum term.  In March 1995, Petitioner was convicted of Inmate in Possession of a Weapon, and was sentenced to 31 months of imprisonment.  In 2002, Petitioner was released to parole.

In January 2007, Petitioner's parole was revoked.  After serving a sanction for the new criminal activity, Petitioner was re-released to parole in April 2007.

On July 15, 2007, Petitioner was arrested after his vehicle struck and seriously injured three cyclists.  In October 2007, Petitioner's parole was revoked pending a future disposition hearing.  Following the hearing, the Oregon Board of Parole and Post-Prison Supervision (the "Board") concluded re-release would be denied and reset Petitioner's parole release date to July 15, 2047.

Petitioner timely petitioned the Oregon Court of Appeals for review of the Board's action.  The Oregon Court of Appeals affirmed the Board's action without opinion, and the Oregon Supreme Court denied a petition for review.  *Whittlinger v. Board of Parole*, 252 Or. App. 751, 292 P.3d 75 (2012), *rev. denied*, 353 Or. 281, 298 P.3d 31 (2013).

2 - OPINION AND ORDER -

On May 6, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court.  The Court appointed counsel to represent Petitioner.  Currently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (#16), which alleges two grounds for relief:

> **Ground One:**  The Oregon Board of Parole violated petitioner's right to Due Process of Law under the Fourteenth Amendment when, in 2009, it denied his re-release, an action taken with unlimited discretion. Specifically, the absence of guidelines for this decision denies due process.

> **Ground Two:**  The Oregon Board of Parole further violated petitioner's right to Due Process of Law when it failed to promulgate adequate rules governing and guiding re-release decisions.

Respondent argues neither claim was fairly presented to the Board or the state courts and that, in any event, the Board decision is entitled to deference and that Petitioner's claims are without merit because he received all of the process he was due.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  *Baldwin v. Reese*, 541 U.S. 27, 29

3 - OPINION AND ORDER -

(2004); *Casey v. Moore*, 386 F.3d 896, 915-16 & n.18 (9th Cir. 2004).

To "fairly" present a federal claim, the prisoner must present both the operative facts and the legal theory on which the claim is based so as to adequately alert the state courts to the federal nature of the claim. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). This may be accomplished by explicit reference to a constitutional amendment or by citing state or federal case law discussing the federal constitutional right in question. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). A claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Baldwin*, 541 U.S. at 32; *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir.2005) (in order to exhaust, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing").

The federal exhaustion requirement is intended to "ensure . . . that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). If a claim was not fairly presented to the highest state court and no state remedies remain available, the "technical" requirements of

4 - OPINION AND ORDER -

exhaustion are met.   However, the claim remains barred from federal review through the doctrine of procedural default.  *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).   Only in exceptional circumstances may a federal court consider procedurally defaulted claims: 1) the petitioner demonstrates cause for the procedural default and prejudice from the constitutional error; or 2) the lack of federal review would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

In his Administrative Review Request following the Board's decision denying re-release, Petitioner alleged several claims. In his petition for judicial review, however, Petitioner alleged a single assignment of error:  "The board erred in relying on ORS 144.343 (2)(b) (1987) and OAR 255-75-096 (effective 5/19/1988) alone to deny petitioner reparole [sic] and set a new release date of July 14, 2047."  Resp. Exh. 104, p. 1.   The petition for judicial review argued exclusively that the Board's decision did not comply with state law.  The petition did not at any time refer to or implicate Petitioner's federal due process rights.

Petitioner concedes that exhaustion requires that the federal Constitutional argument be fairly presented within the four corners of the state-court appellate brief, but argues there should be "relaxed consideration" in this case.   Petitioner contends the argument advanced in the state court proceeding--

that the Board did not act in accordance with established rules relating to an offender's re-release and not on the Board's complete discretion--sufficiently sounds in due process terms that the exhaustion requirement should, as a practical matter, be deemed satisfied.

The Court disagrees.  Petitioner did not present a federal due process claim to the Oregon courts.  This situation is not akin to that cited by Petitioner, in which the Third Circuit Court of Appeals found that an insufficiency of the evidence claim, though advanced in state law terms, was the "substantial equivalent" of a federal sufficiency claim.  Petitioner's argument to the state courts here was grounded solely in the Board's alleged failure to apply the appropriate state law.

Based on the record, the Court concludes Petitioner failed to fairly present the claims alleged in this action to Oregon's state courts.  Because the time for presenting the claims passed long ago, they are now procedurally defaulted.[1]  Petitioner does not argue cause and prejudice to excuse the default, nor does he attempt to make a colorable showing of actual innocence.

---

[1]Generally, an inmate may file a direct appeal to the Oregon Court of Appeals within sixty days of a final decision of the Oregon Board of Parole.  Or. Rev. S. § 144.335.

6 - OPINION AND ORDER -

Accordingly, relief on the Amended Petition for Writ of Habeas Corpus must be denied.[2]

## CONCLUSION

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus (#16) and DISMISSES this action.  The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **24th** day of June, 2014.

_____
ANNA J. BROWN
United States District Judge

---

[2]Because the claims alleged by Petitioner are procedurally defaulted, the Court declines to consider whether Petitioner is entitled to relief on the merits.  The Court notes, however, that for the purposes of federal review in the context of parole eligibility decisions, the due process right afforded individuals is procedural, and entitles a petition to nothing more than a fair hearing and a statement of the reasons for the parole board's decision.  *Swarthout v. Cooke*, 131 S.Ct. 859 (2011); *Miller v. Oregon Bd. of Parole and Post Prison Supervision*, 642 F.3d 711, 716 (2011).  Petitioner was provided with notice, an opportunity to be heard, and a statement of why his re-release on parole was denied. As such, he was provided the process that was due and the denial of his re-release on parole was not contrary to or an unreasonable application of clearly established federal law.